**In re Joel A. ADLER, Debtor.**

**No. 02–16092 (BRL).**

United States Bankruptcy Court,
S.D. New York.

July 26, 2005.

Michael J. Levin, New York, NY, for Debtor.

### *EXTRACT OF BENCH RULING GRANTING MOTION TO DIS-MISS WITH PREJUDICE*

BURTON R. LIFLAND, Bankruptcy Judge.

Joel A. Adler, Esq. (the "Debtor") commenced this individual Chapter 11 case by filing a voluntary petition on December 5, 2002 (the "Petition Date"). The Debtor is an attorney employed "Of Counsel" to the law firm of Sokolow Carreras & Associés, and currently resides in Paris, France. According to the Debtor's schedules, as of the Petition Date, he had $1,773,500.00 in assets and $3,403,532.30 in liabilities.

Subsequent to the Petition Date, an auction sale of substantially all of the Debtor's assets, which consisted of an ownership interest in a townhouse located in New York City (the "Townhouse"), took place before the Court on June 25, 2003. The Townhouse sold for $2.5 million. By order dated July 7, 2003, the Court approved the sale.

The Debtor filed his first chapter 11 Plan of Liquidation on September 10, 2004 and subsequently filed his First Amended Plan of Liquidation on October 15, 2004. After receiving comments from the United States Trustee and the Internal Revenue Service (the "IRS"), which raised substantial issues as to the confirmability of the Amended Plan, the Debtor filed his Second Amended Plan of Liquidation on January 18, 2005. At today's hearing, the Debtor withdrew his latest Plan.

On March 29, 2003, the Court approved the Debtor's Disclosure Statement and set May 11, 2005 as the date of the Confirmation hearing on the Debtor's Second Amended Plan of Liquidation (the "Plan"). The case was then reassigned from the Honorable Cornelius Blackshear to myself. The Plan proposes a ten percent (10%) distribution to general unsecured creditors. The proposed distribution to unsecured creditors is at the expense of the IRS, a secured creditor, in violation of the absolute priority rule. The IRS filed a detailed objection to the Debtor's proposed Plan (the "IRS Objection") on May 2, 2005, alleging that the Debtor's Plan is in violation of section 1129(d), and has been proposed in bad faith.

On April 3, 2003, the United States Trustee filed a Motion to Convert or Dismiss the Debtor's case which she supplemented on August 2, 2004, and which has remained pending. The United States Trustee no longer believes that conversion would be in the best interests of creditors and the estate. On June 30, 2005, the United States Trustee filed an amended and supplemental motion, requesting that this Chapter 11 case be dismissed pursuant to section 1112(b) of the Bankruptcy Code, with prejudice, barring the Debtor from filing a new bankruptcy petition under Chapters 7, 11 or 13 in any jurisdiction in the United States within one year from the date of dismissal ("Motion to Dismiss"). The IRS subsequently filed a joinder motion to the Motion to Dismiss with Prejudice. On July 18, 2005, in response to the pending Motions to Dismiss, the Debtor filed a motion to convert his case to Chapter 7 pursuant to 11 U.S.C. § 1112(a), as well as a motion seeking to shorten the notice period (the "Shorten Notice Motion") from a period of at least 20 days to 10 days. By order dated July 26, 2005 (attached as Exhibit A), this court denied the Shorten Notice Motion.

DISCUSSION

■ Section 1112(a) of the Bankruptcy Code provides that:

The Debtor **may** convert a case under this chapter to a case under chapter 7 of this title, unless—

(1) the Debtor is not a Debtor in possession;

(2) the case originally was commenced as an involuntary case under this chapter; or

(3) the case was converted to a case under this chapter other than on the Debtor's request. Because the Debtor does not fall within one of the enumerated exceptions, the Debtor argues that his right to convert is absolute and thus the U.S. Trustee's Motion to Dismiss is moot. I disagree.

First, the statutory language clearly states that a debtor "may" convert his case, but does not state that the Court "shall" honor his request. *In re Marcakis*, 254 B.R. 77,

82 (Bankr.E.D.N.Y.2000). *See also In re Ponzini,* 277 B.R. 399, 404 (Bankr. E.D.Ark.2002) ("The statute's use of the verb 'may' rather than 'shall' supports the view that the right granted by section 706(a) is presumptive rather than absolute."); cf. 11 U.S.C. § 1307(b) (Section 1307(b) states that the court "shall" dismiss a case upon request of the debtor at any time.)

Second, the Bankruptcy Rules provide that a motion to convert a chapter 11 case to a case under chapter 7 must be made on at least 20 days' notice. *See* Bankruptcy Rule 2002(a)(4). Additionally, Bankruptcy Rule 1017(d) states in pertinent part: "Conversion or dismissal pursuant to §§ 706(a), 1112(a), 1208(b), or 1307(b) shall be on motion filed and served as required by Rule 9013." Conversely, "[a] chapter 12 or chapter 13 case shall be converted without court order on the filing by the Debtor of a notice of conversion pursuant to §§ 1208(a) or 1307(a)...." Bankruptcy Rule 1017(d). The fact that a motion pursuant to section 1112(a) must be noticed to creditors pursuant to Bankruptcy Rule 2002 and not by a simple filing of a notice to convert, evidences the Court's continued authority to determine the motion. *In re Spencer,* 137 B.R. 506, 511 (Bankr. N.D.Okla.1992) (Court noted that if conversion "must be allowed no matter what the circumstances, then no purpose would be served by motion and order."). If the Debtor had an automatic right to conversion, notice of the pending conversion would not be needed, creditors would only need to receive notice of the new chapter after the conversion of the case. *See In re Krishnaya,* 263 B.R. 63, 64 (Bankr. S.D.N.Y.2001) ("while there is a presumptive right to convert under section 706(a), that right is not absolute, and the matter remains within the discretion of the Court.") *See also In re Marrama,* 313 B.R. 525 (1st Cir. BAP 2004) (The bank-

ruptcy appellate panel affirmed that the bankruptcy court has the authority to deny a Debtor's 706(a) request for conversion to Chapter 13, and upheld the denial of conversion because of the existence of "extreme circumstances" constituting bad faith.); *see also In re Marcakis,* 254 B.R. at 79–82 (Analyzing section 706(a), statutory history and caselaw, the court determined that the bankruptcy court can deny the Debtor's motion to convert where appropriate).

■ In considering a debtor's proposed conversion, many courts have either: (1) recognized that conversion may not be proper in situations involving "extreme circumstances," or (2) engaged in some type of equitable analysis of the facts, and whether a debtor can propose or has proposed a confirmable plan. *In re Pakuris,* 262 B.R. 330, 333–335 (Bankr.E.D.Pa. 2001); *In re Spencer,* 137 B.R. at 512 ("In the presence of extreme circumstances, debtor's right to convert can be conditioned or denied if necessary to prevent injustice to other parties.") The extreme circumstances approach requires a factual determination as to the existence of extreme circumstances such as bad faith, abuse of process, or other gross inequity, and such cases usually involve egregious conduct on the part of the debtor, who is seeking to use the bankruptcy process abusively and selfishly rather than for its intended purpose. *In re Marrama,* 313 B.R. at 531.

■ In addition, section 1112(b) of the Bankruptcy Code provides for the dismissal of bankruptcy cases "for cause," and describes a variety of factors which may constitute "cause" for the dismissal of a Chapter 11 case in its entirety. *See* 11 U.S.C. § 1112(b). The list of grounds for dismissal contained in section 1112(b) is not "exhaustive." *See C–TC 9th Avenue*

*Partnership v. Norton Co.*, 113 F.3d 1304, 1311 (2d Cir.1997).

 Under section 1112(b), the Court may find cause for dismissal if there has been a lack of good faith. *See In re Taylor*, 1997 WL 642559, *2 (S.D.N.Y. 1997); *In re Coffee Cupboard, Inc.*, 119 B.R. 14, 17 (E.D.N.Y.1990) ("Code section 1112(b) provides for the conversion or dismissal of a Chapter 11 proceeding, whichever is in the best interests of the creditors and the estate, if cause is established. 'Cause' is enumerated in nine non-exclusive categories, and may also be established by the filing and maintaining of a Chapter 11 case without good faith."). The good faith standard under section 1112(b) focuses on the subjective intentions of the debtor in conjunction with all of the facts and circumstances of the case. *See Little Creek Dev. Co. v. Commonwealth Mortgage Corp. (In re Little Creek Dev. Co.)*, 779 F.2d 1068, 1074 (5th Cir. 1986). To protect against dismissal pursuant to section 1112(b), a debtor must exhibit good faith at each stage of a bankruptcy case: in its commencement, during its prosecution, and at confirmation. *Id.* at 1071. The good faith requirement attempts to prevent abuse of the provisions, purpose or spirit of the Bankruptcy Code. *See In re Weber*, 209 B.R. 793, 801 (Bankr. D.Mass.1997).

 Based on the events that have transpired in this case, I do find that cause exists to dismiss this case under section 1112(b) of the Bankruptcy Code.

First, the Debtor lacks good faith in seeking to convert to Chapter 7—— in fact it is apparent that the sole motive for the Debtor's conversion motion is to avoid the possibility of dismissal with prejudice. The Debtor has had over two and a half years to propose a confirmable Chapter 11

plan, and has failed to do so, despite the fact that his case is lacking in complexity. While the Debtor has proposed a plan, (actually several successive amended plans), each is unconfirmable and the Debtor has failed to take the necessary steps to make any plan confirmable, namely to satisfy the provisions of Section 1129(d) and to make any reasonable efforts to provide a reasonable distribution to general unsecured creditors, (i.e. devote some portion of post-petition earnings).

Second, the Debtor earns a substantial income, and based upon an uncontroverted disclosure of large life style expenditure, has the ability to make the payments needed in order to confirm a plan under Chapter 11. After availing himself of the protections of Chapter 11 for over two years and a half years, to allow the Debtor at this time to simply walk away would be an abuse of the bankruptcy process.

Lastly, if this case were converted, because the Debtor's sole asset has been liquidated there appears to be nothing for a chapter 7 trustee to administer. A conversion would merely further delay the distribution to creditors. Conversely, by dismissing the case, creditors will be able to avail themselves of their rights to collect from the Debtor.

Accordingly, for all of the reasons set forth, the Debtor's chapter 11 case is dismissed with prejudice for 180 days.[1] *See* 11 U.S.C. §§ 105(a) & 349(a). The Debtor is directed to deposit with the Clerk of this Court the funds currently on deposit in the Citibank Debtor–in–Possession account (which, as of the last operating report dated June 30, 2005 was in the amount of $675, 722) to be disbursed in accordance with this Court's order dated July 7, 2003 and further order of this Court. This Court retains jurisdiction to determine any

---

1. A time period consistent with the prohibition provisions of 11 U.S.C. § 109(g).

issues or disputes with respect to such funds.

IT IS SO ORDERED.

## EXHIBIT A

### ORDER DENYING DEBTOR'S MOTION TO REDUCE TIME FOR HEARING MOTION TO CONVERT UNDER SECTION 1112(a)

Upon reading all filed motion papers, including the response and objections of the United States Trustee and United States Government, the Debtor's motion to reduce the time to hear its motion to convert under section 1112(a) is denied.

First, the moving papers present no compelling reason to shorten time. Objections to confirmation were filed and pending since May 2, 2005. The excuse of a lack of time to consult with the Parisian-based Debtor is hollow as an intervening 4th of July holiday (or even the July 14th Bastille Day holiday) is unavailing given the preexisting timing opportunities.

Second, this 9006(c) application is clearly designed to render moot the United States Trustee's motion to dismiss and deprive the United States Trustee and the United States Government from having the opportunity to have their pre-noticed and pending motion to dismiss heard on the merits.

Third, the Debtor's inferred position that once he moves to convert the case, the court is bereft of any ability to hear and determine a pending motion to dismiss is plainly incorrect; therefore, it is

ORDERED that the motion to shorten time to hear the Debtor's motion under section 1112(a) is denied.

Dated: New York, New York

July 26, 2005